**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Decade Industries, Inc.,**
**d/b/a Sanus Systems**

**Plaintiff,**

**v.**

**Wood Technology, Inc.,**

**Defendant.**

**Civil No. 99-1652 DSD/SRN**

**NOTICE OF**
**SETTLEMENT CONFERENCE**

---

**Wood Technology, Inc.**

**Plaintiff,**

**v.**

**Decade Industries, Inc.,**
**d/b/a Sanus Systems,**

**Defendant.**

**Civil No. 00-2309 DSD/SRN**

---

A settlement conference will be held in the above-referenced matter on **July 24, 2001, at 9:30 a.m.,** in Suite 242, Federal Building, 316 North Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the

FILED JUN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

Trial counsel shall meet in person with one another on or before **July 10, 2001**, to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **July 17, 2001**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: June 12, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge